MATTIE E. MATTHEWS ET AL. *v.* WILLIAM H. MATTHEWS ET AL.

1. STATUTE OF LIMITATIONS. *Claims against estate of decedent. Case in judgment.*
   Where an administrator, who is also a creditor of an estate, procures a valid
   decree to sell the realty to pay debts, and at the sale the land is conveyed
   to a third person under a collusive agreement with the administrator that
   the title is to be ultimately made to creditors in payment of their debt, the
   sale may be annulled at the suit of creditors defrauded thereby, and the
   land resold to pay the debts. And they will not be barred though the
   period provided for the barring of their claims becomes complete after
   the invalid sale and before proceedings for a resale. Under such circum-
   stances neither the administrator nor heirs can plead the statute of limita-
   tions.

2. FRAUD OF ADMINISTRATOR. *Estoppel to plead statute of limitations.*
   In such case the fraudulent conduct of the administrator in making the sale
   estops the heirs and the subsequent administrator of the estate from setting
   up the lapse of time occurring between the collusive sale and the bringing
   of such suit by the creditors; and this, whether the estate has been declared
   insolvent or not. To effect justice, the court will preserve the status of the
   creditors as existing at the time of the sale which was collusively made to
   defeat them. *Sivley* v. *Summers*, 57 Miss. 712; *Weaver* v. *Norwood*, 59 Ib.
   665.

3. ESTATE OF DECEDENT. *Statute of limitations. Debt due to administrator.*
   The statute does not run against the claim of a creditor of an estate who is
   also administrator thereof, during the time he is administrator, as during
   that time he could not sue on the claim.

APPEAL from the chancery court of Copiah county.

HON. WARREN COWAN, Chancellor.

The testimony in this case is very voluminous.

Some time prior to 1867, H. D. Wilson died testate, giving his
property, real and personal, to his widow, Isabella, who was his only
heir. Said Isabella qualified as executrix, and as such, on April
25, 1867, recovered judgment in the circuit court of Copiah
county for eight hundred and sixty-nine dollars and forty-one cents
against R. S. Hartley, administrator of H. J. Wilson deceased.

Afterward during the same year Isabella intermarried with
William H. Matthews, and the complainants herein are the issue

of said marriage. The said Isabella died in 1873 before collecting any part of the aforesaid judgment. In August, 1875, letters of administration *de bonis non, cum testamento annexo,* on the estate of H. D. Wilson were granted to G. F. Wolfe, who revived the said judgment against the estate of H. J. Wilson, deceased.

Meantime R. S. Hartley was removed as an administrator of H. J. Wilson and appellee, W. H. Matthews, was appointed administrator *de bonis non* in his stead.

In March, 1877, W. H. Matthews, administrator of H. J. Wilson, filed a petition to sell land, alleging there was no personalty, but many debts, all barred but two, to wit, the aforesaid judgment for eight hundred and sixty-nine dollars and forty-one cents, and a judgment in favor of Joseph Hart & Sons for four hundred and thirteen dollars and twenty-five cents; and in March, 1878, a decree was had ordering a sale of the lands of the said estate to pay said judgments.

On December 2, 1878, the lands were sold pursuant to the decree, by the said administrator, and a part struck off to and conveyed to the said Joseph Hart, and the remainder thereof bid in by one J. P. Matthews, who deeded it to M. C. Matthews. The sale of this land and the conveyance of it to Mrs. M. C. Matthews gave rise to the filing of the bill in this cause.

The original bill was filed December 23, 1884, by Mattie E. Matthews and Betty Matthews, children of the aforesaid Isabella and William H. Matthews, against William H. Matthews and M. C. Matthews, and alleged that the land in question was deeded to J. P. Matthews under a previous agreement between himself and the said William H. Matthews, that the land should be struck off to J. P. Matthews for an aggregate bid of three hundred and thirty-three dollars, which the latter was not to pay, but was to deed the land to M. C. Matthews, wife of William H., and by her to be subsequently deeded to complainants in payment of their judgment, standing in the name of G. F. Wolfe, administrator, against the estate of H. J. Wilson. The bill sets out that this agreement was carried out, so far as the deeding of the land in controversy to M. C. Matthews was concerned, but that said M. C. Matthews

declined to pay the bid or to convey the land to complainants. The prayer of the bill was that M. C. Matthews be decreed to hold the legal title as trustee for complainants, and be required to convey the title to them, and for an account of the rents. A decree was had in accordance with the prayer of the bill, ordering a conveyance of the title to complainants.

Upon appeal by the defendants, the supreme court reversed the decree and remanded the cause. See *Mary C. Matthews* v. *Mattie E. Matthews et al.*, MSS., October term, 1886. On that appeal this court held that the agreement between William H. and J. P. Matthews was unauthorized and void, and refused to enforce the agreement to convey the land to complainants; that the land should be resold to pay the judgments, and any excess held for those entitled to it as distributees of the estate of H. J. Wilson, and that the administrator of said decedent should be made a party.

This amended bill was filed in June, 1887, by the said complainants, in accordance with the mandate of the supreme court, and the administrator of H. J. Wilson, deceased, was joined as a party defendant. The amended bill reiterates the facts set out in the original bill, and prays that the sale to J. P. Matthews by the administrator and the deed to M. C. Matthews be annulled, and that a commissioner be appoined to ascertain the amount due on the judgment in which complainants were interested, and the land be resold to satisfy the same.

The defendant, M. C. Matthews, demurred to the amended bill, because of the non-joinder as defendants of Joseph Hart & Sons, and of the heirs of H. J. Wilson, deceased. Thereupon leave was given to complainants to amend by making said heirs parties, and this was done.

These heirs of H. J. Wilson appeared with the administrator, and set up by plea that the judgment sought to be enforced in favor of complainants was barred by the statute of limitations. It is shown that the judgment had been kept alive by revivor and the issuance of executions thereon, and was in force on December 21, 1876, which was the date of the last execution issued. The plea

relied upon the fact that more than seven years had elapsed between that date and the filing of the original bill.

The plea was set down for hearing upon its sufficiency in law, and the court adjudged it to be sufficient and sustained the plea. This appeal is granted to settle the principles of the case involved in that decision.

*L. O. Bridewell,* for appellants.

The plea should have been accompanied by an answer denying that the fraud in the sale was discovered and known more than seven years before the filing of the bill, or else specifically denying any fraud in the sale. As there was no fraud until the sale in December, 1878, the bar did not attach until December, 1885, after the bill was filed. *Livermore* v. *Johnson,* 27 Miss. 284 ; *Edwards* v. *Gibbs,* 39 Ib. 166.

The judgment was *prima facie* evidence against the realty of the estate. *Hopkins* v. *McCann,* 19 Ill. 113 ; *Sergeant* v. *Ewing,* 36 Penn. St. 156. This being so, the decree condemning the realty is *res judicata* so far as to enforce the decree, unless it be impeached for fraud, and binds the heirs of the debtor estate.

The heirs cannot avail themselves of an advantage obtained through the misrepresentation and fraud of a third person, although not their agent. They cannot accept the benefits and repudiate the obligation. *Hunt* v. *Moore,* 2 Barr 105 ; *Fitzsimmons* v. *Joslin,* 21 Vt. 129 ; *Henderson* v. *R. R. Co.,* 17 Tex. 560.

Where fraud is revealed it can never shield itself behind defenses that are purely technical, unless the technical difficulty is insuperable. *Lynch* v. *Hall,* 41 Conn. 238.

*H. C. Conn,* on same side.

The plea does not apply the statute of limitations to the decree, but goes back of it and attempts to avoid the decree by matter that would be a defense only against the rendition of a decree if none had been already rendered.

The court has no power to set aside its decree for sale, and it can be set aside only for fraud rendering it void, or by appeal from it. The decree is *res judicata* as to the heirs.

*H. B. Mayes,* for appellees.

1. The plea is good. Upon the death of Isabella Matthews, who was the sole beneficiary of the judgment, her interest passed to her husband, William H. Matthews, and complainants, her children. This interest was joint. William H. was not then under any disability. Therefore the interest of all being joint when the right accrued, if one is barred all are barred. *Jordan* v. *McKenzie,* 30 Miss. 32; *Saunders* v. *Saunders,* 49 Ib. 327; *Traweek* v. *Kelly,* 60 Ib. 653; Code 1857, § 337; Code 1871, § 1786. More than seven years elapsed between the last execution and the filing of this suit. Code 1871, § 2153; Code 1880, § 2674.

2. No creditor but one with a lien can attack a transfer of property as fraudulent. *Partee* v. *Mathews,* 53 Miss. 141; *Fleming* v. *Grafton,* 54 Ib. 79; *Van Eaton* v. *Napier,* 63 Ib. 220; *Traweek* v. *Kelly, supra.*

The running of the statute was not stopped by the decree of sale to pay debts. It is not shown that the estate was insolvent, or ever so reported, and the statute runs upon a matured debt against a decedent, with the exception of the time during which creditors are forbidden to sue. *Huntington* v. *Bobbitt,* 46 Miss. 533; *Hendricks* v. *Pugh,* 57 Ib. 157; *Gibbs* v. *Bunch,* 63 Ib. 47; *Parker* v. *Whiting,* 6 How. 352; *Pool* v. *Ellis,* 64 Miss. 565.

CAMPBELL, J., delivered the opinion of the court.

The plea of the statute of limitations should have been held to be insufficient. This defence has no place in the case. When the case was here before, we reversed the decree, because we were unwilling to enforce specifically the agreement by which the title of the land had been vested in Mrs. Matthews, and remanded the cause for the personal representative of the estate of H. J. Wilson to be made a party, and that the judgment might be enforced by a sale of the land. The sole object of having the administrator of H. J. Wilson's estate brought in was that he might receive the excess of the proceeds of a sale of the land over the sum necessary to satisfy the judgment.

The land of the decedent had been decreed to be sold for the payment of debts—this debt specifically and another—on the petition of the administrator, and upon proper proceedings, to which the heirs were parties, and it had been sold, and was forever gone from the heirs, as matters stood, with no movement by them to undo what had been done, and with no inducement for them to so move, for, if they should successfully complain of the manner of the execution of the decree of sale, the debts were a charge on the land as long as they remained unpaid. All that the estate of H. J. Wilson could gain by vacating the sale of the land would be the excess of the proceeds of another sale over what was necessary to pay the judgment, and as to that the personal representative was the proper party to receive it. Therefore it was unnecessary and improper to require the heirs of H. J. Wilson to be made parties, in addition to the administrator. But that made little, if any, difference, as the plea of the statute of limitations was interposed by the administrator and heirs.

The plea is not good as a defence by the administrator. The land had been sold specifically to pay this debt. It was arranged that the debt should be satisfied by this land. It was bid off and conveyed to Mrs. Matthews for the purpose of being vested in the complainants, in satisfaction of the judgment. The debt was considered and treated as having been paid by the sale that was made, and the administrator of H. J. Wilson (William H. Matthews) was the leading actor in making this arrangement and producing this understanding.

Upon all the facts presented, the court was unwilling to compel a conveyance of the land by Mrs. Matthews ; but as she was not entitled to hold it, and the judgment remained unpaid, it was deemed proper to have a sale of the land, first to pay this judgment, and then for any excess of its proceeds to go to the estate of H. J. Wilson, as would have been the case, if at the sale made before, an excess had been produced. In this condition of things, the statute which bars judgments had no operation, and cannot be interposed as a bar to the proceeding for a resale of the land—a

*nunc pro tunc* proceeding to effect justice, in which the *status quo ante* the sale, of the judgment should be preserved.   *Sivley* v. *Summers,* 57 Miss. 712 ;   *Weaver* v, *Norwood,* 59 Miss. 665.

That the estate of H. J. Wilson had not been declared insolvent, does not affect the question as to the  statute of limitations, in the circumstances of this case.

Another complete answer to  the  plea of the  statute of limitations  is that W. H. Matthews, administrator of  the debtor estate, in 1877, when the judgment was in full force, petitioned the court for a  sale of  the  land of his  intestate  to  pay this judgment and another debt mentioned, and  afterward  effected  the  arrangement heretofore stated for its payment, and although we could not sanction and enforce that arrangement, under the circumstances shown, we cannot permit the bar of  the  statute of  limitations to  be made effective  against the  judgment thus dealt with  by the then  duly authorized  representative  of  the very estate  whose  present representative is now pleading the statute.    The whole scheme was contrived  and managed  by the  legal  representative of  that  estate in whose  behalf  advantage is now sought to  be taken of  the lapse of time.    To permit this to  succeed would  be in the  highest degree inequitable.

It does not  expressly appear in the  record  before  us that this claim was registered  as a claim  against H. J. Wilson's estate, but it is highly probable it was, and, if so, it would  be saved from the bar of the statute by § 2062 of the code.

*Decree reversed, plea held insufficient, and cause remanded.*

*W. P. & J. B. Harris* and *E. G. Peyton* filed  a suggestion  of error, and  argued in support of  it :

There  is no case in our reports, we venture to say on our examination, which maintains the proposition that a proceeding to charge debts on the lands of  the decedent, in the course of  administration, arrests or suspends the statute of  limitations, as to creditors of the estate.    The code of  1880 provides a remedy for .this condition of things, but that is prospective.    Section 2062.

The cases of *Sivley* v. *Summers,* 57 Miss. 712, and  *Weaver* v.

*Norwood,* 59 Ib. 665, do not establish it. These were cases of insolvent estates, so declared.

The case is one of a creditor who has not been paid because of his own attempt to defraud the estate of the deceased, or an attempt by those representing him. The proceeding is to clear away the obstructions created by the creditor's own intrigue.

Our code has provided for every case of obstructions by the debtor, but there is no such case here. There must be a statutory provision to stop the statute of limitations once begun. Even an injunction absolutely restraining a judgment did not stop it in the absence of a statute to that effect. *Robertson* v. *Alford,* 13 S. & M. 509 ; *Ingraham* v. *Regan,* 23 Miss. 213 ; *Dozier* v. *Ellis,* 28 Miss. 730 ; *Smith* v. *Westmoreland,* 12 S. & M. 663 ; *Kilpatrick* v. *Byrne,* 25 Miss. 571 ; *Butler* v. *Craig,* 57 Ib. 628 ; *Young* v. *Cook,* 30 Ib. 320 ; *Crane* v. *French,* 38 Ib. 503.

William H. Matthews was a joint owner of the judgment with complainants, and against him the statute ran from the death of Isabella Matthews. Under the well-known rule, where he was barred, all were barred, regardless of the disability of the joint owners of the judgment.

Response to the suggestion of error.

*Per Curiam.*—Counsel are compelled to rely on the recognized doctrine applicable to joint claims, that where one is barred all are, and to claim that W. H. Matthews is barred and therefore the minors are, and yet they forget that this W. H. Matthews, through whom they would bar the infants, is not barred because he became administrator of the debtor estate when the claim was a valid one, in full force, and as he could not sue himself, the statute did not run against him even. He did all he could by applying for an order to sell land to pay this debt and another, and sold it. By the sale the debt was intended to be and was treated as paid. This court would not approve and enforce that sale, on the showing made, and remanded the cause for a new sale to be made, that the debt may be paid and any excess go to the debtor estate.

The land was certainly charged with liability for the debt. How

did it become discharged? Was it by the effort to make the charge effective? If an effort to enforce an encumbrance prove abortive, does that destroy the encumbrance? It was never so heard. This is a plain case. It has been maturely considered, and we do not have a doubt of the correctness of our decision of it. Any other result would be monstrous, as it appears to us. We have not engrafted an exception on the statute of limitations. It has nothing to do with the case. We have opened a sale made years ago under circumstances we could not approve, that it may now be made for whom it may concern, as it should have been before.

Of course, according to principle and all precedent, the proceeds of the sale must take the course they would have followed had the sale before been made as it should have been.

*Denied.*