### CHARLES H. BUCKLEY *vs.* HENRY BUCKLEY.

Bristol.    October 26, 1892. — January 4, 1893.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Estate of Deceased Person — Administrator as Creditor — Accounting.*

The fact that an administrator or an executor is a creditor of the estate which he represents does not prevent him from recovering the amount of his claim.   The proper method for him in such a case is to credit himself with the amount in his account.   If his claim is disputed, the mode of procedure is provided for by the Pub. Sts. c. 136, §§ 6, 7.

If a deposit in a savings bank in the name of an intestate is partly of the money claimed by the administrator, he may treat the whole as assets of the estate, and recover as a creditor, in the manner pointed out in the statutes, the amount due him.

LATHROP, J.   This is an appeal, by the administrator of the estate of Margaret Buckley, from a decree of the Probate Court disallowing his account as administrator.   The case was heard by a single justice of this court, who affirmed the decree of the Probate Court, and reported the case for our consideration. From the report it appears that the administrator charged himself with the amount of the personal estate as per inventory, $670, and personal property not inventoried, $20, and credited himself with $670 paid to himself as trustee, and $20 paid to an attorney; and that the only item in dispute is the $670 on the credit side of the account.   In the inventory the assets of the

estate are stated to be a deposit in the New Bedford Institution for Savings to the amount of $670.

It appears from the report that this amount was at least in part the balance remaining in the bank of a deposit of seven hundred dollars, which originally belonged to the intestate, and which the administrator contended she gave him in trust for himself, his brother, and the children of a deceased brother. So far as the evidence is reported, it tends to show that the deposit was made by a third person in the name of the intestate, instead of in the name of her son, who is now the administrator, because the bank would not receive more money on the son's account.

The administrator contended at the hearing that this sum of seven hundred dollars was given to him, and that he had, on the evidence above stated, and on other evidence which is set forth in the report, but which in the view we take of the case need not now be stated, a claim against the estate for six hundred and seventy dollars as a creditor.

The justice states in his report that he was unable to find that the seven hundred dollars was a gift to her son, and ruled and found that the administrator, having elected to treat the six hundred and seventy dollars as money of the estate, with full knowledge of all the facts, was estopped to claim it as his own, or to show that he was a creditor of the estate to that amount. We are of opinion that this ruling was wrong so far as it relates to the plaintiff's claim as a creditor. The fact that an administrator or an executor is a creditor of the estate which he represents does not prevent him from recovering the amount of his claim. The proper method for him to pursue in such a case is to credit himself with the amount in his account. If his claim is disputed, the mode of procedure is provided for by the Pub. Sts. c. 136, §§ 6, 7. See *Willey* v. *Thompson*, 9 Met. 329, 336 ; *Green* v. *Russell*, 132 Mass. 536, 541 ; *Newell* v. *West*, 149 Mass. 520, 528.

If, as the evidence tends to show, the deposit in the savings bank in the name of the intestate was made up partly of the earnings of the intestate, and partly of the money claimed by the administrator, we have no doubt of his right to treat the whole as assets of the estate, and to recover as a creditor, in

the manner pointed out in the statutes, the amount due him. *Johnson* v. *Ames*, 11 Pick. 173, 181. *Attorney General* v. *Brigham*, 142 Mass. 248.

As the ruling was wrong, the case must stand for a further hearing before a single justice.

*So ordered.*

*H. M. Knowlton & A. E. Perry*, for the plaintiff.
*J. Smith*, for the defendant.

