ALLEN A. BROWN, executor, *vs.* ELLEN C. GREENE.

Suffolk.   January 16, 1902. — March 10, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Limitations, Statute of. Executor.*

The special statute of limitations does not apply to a personal claim of an executor against the assets in his hands.

PETITION, filed May 28, 1901, to the Probate Court for the County of Suffolk by one of the executors under the will of Albert Pitts, late of Boston, for the allowance of a personal claim against the estate upon a promissory note signed by the testator, for $11,500, and $2,873.40 interest thereon.

In the Probate Court the case was heard by *McKim,* J., upon agreed facts. It appeared, that Albert Pitts died on December 19, 1898, that his will was proved on January 12, 1899, and that Alice S. Pitts and Allen A. Brown, the petitioner, were appointed executors, gave bonds and gave notice of their appointment, and that on February 10, 1899, affidavit of notice of appointment was filed. On February 28, 1901, the estate was represented insolvent and there was a decree of insolvency and a warrant issued to commissioners. On May 28, 1901, this petition was filed. The judge made a decree dismissing the petition; and the petitioner appealed.

The case came on to be heard before *Barker,* J., who reserved it, upon the agreed facts, the record, and the requests for rulings of the petitioner and the respondent, for determination by the full court.

*A. E. Burr,* (*A. A. Highlands* with him,) for the petitioner.

*J. Cummings,* for the respondent.

HOLMES, C. J. This is an appeal from a decree of the Probate Court disallowing a claim of the petitioner against the estate in his own hands as executor. More than two years after he was appointed and gave bond he represented the estate insolvent, and subsequently filed a petition for the allowance of his claim, we presume under Pub. Sts. c. 136, § 6. The claim is disputed only on the ground that it was not presented within

two years under Pub. Sts. c. 136, § 9, and the question before us is whether the special statute of limitations applies to a personal claim of the executor himself against the assets in his hands.

We are of opinion that so far as appears the claim was not barred. The right of retainer is recognized in this Commonwealth. *Foster* v. *Bailey*, 157 Mass. 160, 164. *Newell* v. *West*, 149 Mass. 520, 528. And although if the executor's debt is disputed, he must file a statement of his claim, Pub. Sts. c. 136, § 6, and although, if the estate is represented insolvent, he ought to proceed as pointed out in *Green* v. *Russell*, 132 Mass. 536, 541, *Newell* v. *West*, 149 Mass. 520, 529, these are merely special requirements for special cases, and do not make any formal proof or claim within two years necessary in order to preserve his rights. When the right of retainer is recognized without qualification it seems to follow logically that the statute will not run against an executor's claim.

In *Attorney General* v. *Hooker*, 2 P. Wms. 338, 340, the Lord Chancellor laid it down that "The law says, and the general notion of mankind is, that the making a man executor, is giving him all." If the executor when he took the place of the heir received his testator's property in his own right, as some things seem to indicate, then of course his claim at once became an item in a mutual credit, and he would not have been bound to pay over more than the balance of the account. From this point of view the mode of accounting has not changed with the supposed change of the executor's position from owning in his own right to a fiduciary holding in *autre droit*. But the latest opinion which we have seen expressed by historical investigators is adverse to the executor's ever having held in his own right, Goffin, Testamentary Executor, 55, and it is not very material for the present decision how the fact may have been. The executor at least has the legal title to the goods from which he seeks satisfaction and those goods are charged with liability for his claim in common with the other debts of the testator. Apart from statute, it cannot be necessary for him to do more in order to secure the right to hold them until his claim is satisfied. *Sanderson* v. *Sanderson*, 17 Fla. 820, 847. *McLaughlin* v. *Newton*, 53 N. H. 531. *Spencer* v. *Spencer*, 4 Md. Ch. 456, 464, 465. *Matthews* v. *Matthews*, 66 Miss. 239. See

*Miller* v. *Irby,* 63 Ala. 477, 483; *Thomas* v. *Chamberlain,* 39 Ohio St. 112, 122.   The doctrine is implied in *Newell* v. *West,* 149 Mass. 520, 529, 530, where the claim was more than two years old when presented.   And in *Grinnell* v. *Baxter,* 17 Pick. 383, 385, it was intimated by Chief Justice Shaw that taking administration and having the estate in his own control should be deemed equivalent to bringing a suit for the purpose of saving a claim not barred when administration was taken out.

Of course debts due to an executor must appear ultimately in his account.   *Buckley* v. *Buckley,* 157 Mass. 536, 537.   But they are not lost by not appearing there within two years, and there is nothing more required to be done until' they appear there and are disputed by some one interested in the estate.

*Decree of Probate Court reversed.*