MABEL P. O'SHEA, executrix, *vs.* JOHN S. HURLEY & others.

Essex.     December 7, 1923. — February 28, 1924.

Present: RUGG, C.J., BRALEY, PIERCE, & CARROLL, JJ.

*Probate Court,* Jurisdiction, Accounts. *Executor and Administrator. Attorney at Law. Equity Pleading and Practice,* Master: exceptions to report.

A Probate Court has no jurisdiction to charge an executor upon his account by reason of his failure, as a trustee in bankruptcy of the estate of one who owed the testator, to collect all the assets of such bankrupt or to account for what he had collected, the jurisdiction of the Probate Court upon the accounting extending only to charging the executor for what, under the decree of the bankruptcy court, actually came into his hands as a payment by himself as trustee to himself as executor; and this is true although the executor kept his funds as an individual, as a trustee, and as an executor in a single bank account.

Where it appears that the executor of a will acted as the attorney for a debtor of the estate of the testator and on his behalf collected from a third party a sum sufficient to satisfy the entire claim of the estate against such debtor but, under orders of the debtor, paid to the estate only a portion of the amount of his debt, paying the remainder of the amount collected to the debtor, it was not improper for the Probate Court to refuse to charge the executor upon his accounting with the balance of the unpaid debt to the estate: there was nothing as a matter of law inconsistent with the duty of the executor in making such payment to the debtor or in his not advising a coexecutor to consult counsel with a view to securing from the debtor the balance of the amount owed to the estate.

Upon an appeal, previous to 1919, from a decree of the Probate Court allowing the account of an executor, the petition was referred to a master. The master heard the parties on the question, whether a claim by the executor for services rendered by him to the testator in his lifetime should be allowed, in the belief that both parties desired the claim to be passed upon and that both parties had waived the provisions of R. L. c. 141, § 6, and the rule laid down in *Buckley* v. *Buckley*, 157 Mass. 536; and made a finding upon conflicting evidence allowing the charge in part. Upon exceptions by the beneficiaries under the will, it was *held*, that in the circumstances the master's findings should not be disturbed.

PETITION, filed in the Probate Court for the county of Essex on July 22, 1902, by William O'Shea, one of the three executors of the will of Michael Hurley, late of Lynn, for the allowance of an individual account filed by such executor covering '' the period from December 28, 1899, to March 8, 1900 '' [*sic*].

In the account as filed, schedule A was stated to be $174,-607.46; schedule B to be $178,065.56; and the accountant alleged that there was owing to him $3,458.10.

In the Probate Court, the petition was heard by *Flint*, J., who recast the account and allowed it as follows: schedule A, $185,378.42; schedule B, $169,554.56; and decreed that there was due from the accountant to the estate the sum of $15,823.86. From such decree the accountant executor and the next of kin, among whom were the two coexecutors of the accountant, appealed.

In the Supreme Judicial Court, the petition was referred to a master. The master in his report upon conflicting evidence found, in substance, that one John Sheehan had owed the estate of Michael Hurley $11,275 and interest; that the accountant O'Shea had acted for Sheehan as attorney in a suit against the city of Lynn, in which he had recovered about $17,000; that at the same time O'Shea was executor of the will of Michael Hurley; that Sheehan ordered O'Shea as his attorney to pay the Hurley estate $6,000 of the money which he had received from the city of Lynn; that O'Shea paid the estate $5,731.59 and paid the balance of the amount received from the city of Lynn to Sheehan. The master charged O'Shea with the sum of $268.41, which was the balance of the $6,000 which he found O'Shea should have paid to the estate of Michael Hurley; and he refused to rule that sufficient of the entire amount that came into O'Shea's hands from the city of Lynn should have been paid by him to take up the claim of the Hurley estate against Sheehan. To such finding and ruling by the master the next of kin excepted, such exceptions being numbered 32 and 41.

An item in the account in which the accountant credited himself with $2,000 alleged to be due him for services rendered the testator in his lifetime was heard by the master in the

circumstances described in the opinion. The master, on conflicting evidence, found that the accountant did render services to the testator and that he was entitled to receive for such services the sum of $1,500, which he credited to the accountant in the account.

Other material findings by the master are described in the opinion. He found that schedule A of the account should be $177,077.68; that schedule B should be $174,273.66; and that by schedule C the accountant should be charged with the sum of $2,804.02.

Objections and exceptions by the beneficiaries to the master's report were heard by *Crosby,* J., by whose order an interlocutory decree was entered overruling the exceptions and confirming the report, from which the beneficiaries appealed. Pending the determination of the appeal, the accountant died and by order of the court the executrix of his will, Mabel P. O'Shea, was admitted to prosecute the petition in his stead. By order of *DeCourcy,* J., a final decree was entered directing that the decree of the Probate Court be modified to charge the accountant with the sum of $2,804.02, instead of the sum of $15,823.86. The beneficiaries appealed.

*J. H. Casey, J. M. Barry & F. J. Muldoon,* for the respondents, submitted a brief.

*R. L. Sisk,* for the petitioner.

PIERCE, J. This is an appeal from an interlocutory decree overruling exceptions and confirming the master's report, as also an appeal from a final decree ordered by a justice of this court.

William O'Shea, now deceased, was appointed on July 24, 1899, one of three executors under the will of Michael Hurley. As one of the executors O'Shea filed an account in the Probate Court on July 22, 1902, which was opposed by the legatees under the will (children of said Michael Hurley), two of whom were also coexecutors with the accountant. The Probate Court after extended hearings settled the account; and both parties, being aggrieved, appealed to the Supreme Judicial Court with statements of their objections to the decree of that court, which were entered on March 27 and on April 5, 1911, in the Supreme Judicial Court.

A single justice of this court appointed a master " to hear the parties and their evidence, find the facts and report the same to the court forthwith." The master heard the parties upon their objections, and made his report on May 10, 1913. The heirs of Michael Hurley are described in the report of the master as appellees, and will be spoken of under that designation. They brought in objections in writing, which were appended by the master to the report; and by leave of court duly filed forty-six exceptions founded on the objections. The evidence is not reported and no motion was made or denied to recommit to the master to receive, reject or report evidence. The exceptions numbered 1 to 25 inclusive voice merely the dissatisfaction of the appellees with specific findings of fact. No one of them is argued or mentioned in the brief and they are consequently treated as waived. Exceptions 26, 27, 28, 29, 42, 43 and 44 are based upon corresponding objections to the refusal of the master to receive certain evidence and to his refusal to make certain rulings of law.

The evidence was offered and rulings were requested on the theory of the appellees that the executor O'Shea was bound to account to the estate of Michael Hurley for money which he had received, or should have received, as trustee of the bankrupt estate of the Hurley Shoe Company and of the estate of Farrell and Hurley, in both of which the Michael Hurley estate was the heaviest creditor, among over one hundred creditors who proved their claims in bankruptcy against those two estates. The argument for the admission of the evidence rests upon the fact that these bankrupt estates would have declared and the estate of Michael Hurley would have received a larger dividend in settlement of each estate than in fact it did receive, if the trustee had with due diligence collected and accounted in the bankruptcy court for large sums of money which do not appear to have been accounted for in the trustee's accounts of said estates in the bankruptcy court.

The offered evidence adds no material facts to those found by the master which aid in the determination of the question whether the master was right in ruling that the Probate

Court, in the settlement of the executor's account, was without jurisdiction to inquire whether the trustee in bankruptcy (who was also the executor whose account was under examination), was guilty of a breach of his duty as executor by reason of the fact that he was guilty of maladministration in the office of trustee in bankruptcy to the probable diminution of assets that should have come to the estate in process of probate. The ruling was right. If the trustee did not collect all the assets or account for what he collected, the remedy of a creditor was to have the trustee removed and a new trustee appointed, who would make distribution under the order of the court. The Probate Court had no jurisdiction affecting the bankruptcy cases, except to charge the executor for what actually came into his hands, under the decree of the bankruptcy court, as executor of the Michael Hurley estate and as creditor of the bankruptcy estates. And it is settled that a creditor cannot sue the trustee direct, even for admittedly unaccounted for assets, because he would be entitled to receive from the trustee only his proportionate share of an unascertained share of the balance found due after an accounting and order for distribution in the bankruptcy court. There is nothing in the fact that the funds of executor, trustee, and individual were commingled in a single bank account which calls for discussion in this connection. It results that these exceptions were properly overruled.

Exceptions 32 and 41, to the refusal of the master to rule that O'Shea should be charged with the difference between what the executor received from Sheehan as a debtor of the Hurley estate and what he would have received from Sheehan in the exercise of due diligence as executor, were overruled rightly, upon the facts stated by the master, which, succinctly stated, are that O'Shea, as attorney for Sheehan, after suit collected a sum of money, out of which O'Shea paid the estate a considerable sum with the permission of Sheehan, but paid the balance to Sheehan. We find nothing inconsistent with the duty of the executor in making such payment to Sheehan or in his not advising his coexecutors to consult counsel with a view to securing the Sheehan

money for the benefit of the estate of Michael Hurley, as is argued by the appellees.

Exception 37 was overruled rightly. The master heard the parties on the question of the executor's claim to be allowed for services rendered Michael Hurley in his lifetime, in the belief that both parties desired the claim to be passed upon and that both parties had waived the provision of R. L. c. 141, § 6, and the rule laid down in *Buckley* v. *Buckley,* 157 Mass. 536. In the circumstances his finding should not be disturbed.

The report shows that the question raised by the remaining exceptions were carefully examined by the master. We agree with that analysis without further discussion.

It results that the decrees should be affirmed with costs.

*Ordered accordingly.*